1
2
3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

4   IN RE: APPLICATION OF PETER    )       No. CV-09-80020-MISC-DLJ
    DAMIEN MARANO FOR ORDER TO     )
5   TAKE DISCOVERY PURSUANT TO     )
    28 U.S.C. § 1782               )       **ORDER**
6                                  )
                                   )
7                                  )
                                   )
8   _____)

9        On February 12, 2009, Peter Damien Marano ("Marano") filed an

10   application to take discovery pursuant to 28 U.S.C. § 1782.  On

11   February 20, 2009, Frances F. Bowes ("Bowes") filed a letter brief

12   in opposition.  Having considered the papers submitted and the

13   applicable law, the Court hereby DENIES the application.

14

15                              **I. BACKGROUND**

16   **A.    Factual Background and Procedural History**

17        Marano is a party in a divorce proceeding in London, England.

18   According to Marano, the divorce case is pending before the Family

19   Division of the High Court of England and Wales, <u>Elena Bowes Marano</u>

20   <u>v. Peter Damien Marano</u>, Case No. FD07 DO 1333.

21

22        In support of his application to take discovery, Marano has

23   submitted a declaration by Claire Anne Blakemore ("Blakemore").

24   Blakemore is a solicitor of the Supreme Court of England and Wales

25   who represents Marano in the British divorce proceeding.  According

26   to Blakemore, as part of the foreign divorce case, Marano's wife,

27   Elena Bowes Marano ("Elena"), has filed a claim against Marano for

28   "financial relief."  In the "last quarter of 2008," Marano filed a

"cross-application for financial relief" against Elena.

Blakemore alleges that Elena holds extensive interests in trust funds located in the United States.  Blakemore claims that the "key documents required for the proper determination of the issues between Elena and [Marano] are held by third parties in America."  Blakemore contends that it is necessary for Marano to obtain copies of certain documents related to the alleged trust funds "in order that the English Court has the information it needs to determine [Marano's] cross-application for financial relief."

Marano has attempted, with no apparent success, to informally obtain copies of these financial records from third parties in the United States.  On February 12, 2009, Marano filed the instant application requesting authorization to conduct discovery pursuant to 28 U.S.C. § 1782.  Specifically, Marano seeks an order authorizing him to issue subpoenas to seven different people allegedly in possession of information regarding Elena's interests in the trust funds.

Marano's application does not provide any background information regarding the identities of the proposed subpoena recipients or the nature of their relationships to Elena.  Bowes indicates in her letter brief that she is Elena's mother.  Bowes also states that the seven proposed subpoena recipients are Bowes's other daughters, her current and former attorneys, her financial advisors, and others.

2

Marano has attached to each proposed subpoena an exhibit entitled "Exhibit A". Exhibit A lists the documents which Marano seeks from each proposed subpoena recipient. Exhibit A demands the same documents from every proposed recipient. According to Exhibit A, Marano requests the production of forty-seven different sets of documents related to five different trust funds. The trust funds are named the Family Trust, the Survivor's Trust, the Administration Trust, the QTIP Trust, and the Residence Trust. In addition to the production of documents, Exhibit A requests that the producing party re-calculate prior appraisals of certain trust fund assets in order to reflect their current fair market value.

Blakemore declares that the divorce proceeding in England is scheduled for trial beginning on March 9, 2009. In order to provide his attorneys with adequate time to prepare, Marano requests that this Court order any parties subpoenaed pursuant to § 1782 to respond by the earliest of February 25, 2009 or ten days after the Court's order.

**B.   Legal Standard**

28 U.S.C. § 1782(a) provides, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may

United States District Court

For the Northern District of California

3

> direct that the testimony or statement be given,
> or the document or other thing be produced,
> before a person appointed by the court.

A litigant in a foreign action qualifies as an "interested person" under § 1782. See Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 256 (2004). In order to apply for discovery pursuant to § 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent. Id. at 258-59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." Id. at 259 (holding that discovery was proper under § 1782 even though the applicant's complaint against the opposing party was only in the investigative stage). An ex parte application is an acceptable method for seeking discovery pursuant to § 1782. See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may raise objections and exercise their due process rights by bringing motions to quash the subpoenas).

A district court has wide discretion to grant discovery under § 1782. Intel, 542 U.S. at 260-61. In exercising its discretion, a district court should consider the following factors:

(1) whether the person from whom discovery is sought is a participant in the foreign proceeding;

(2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign

**United States District Court**
For the Northern District of California

government or the court or agency abroad to U.S. federal court judicial assistance;

(3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and

(4) whether the request is unduly intrusive or burdensome. See Id. at 264-65.

## II. DISCUSSION

### A.   Basic Statutory Requirements

Marano's application satisfies the minimum requirements of § 1782. For one, all of Marano's proposed subpoena recipients are located in either San Francisco or Sonoma, California.[1]  Because these cities are located in the Northern District of California, this Court has jurisdiction over the proposed recipients. 28 U.S.C. § 1782(a).

Second, Blakemore has declared that Marano is a party to the British divorce proceeding. As a litigant, Marano is an "interested person" for the purposes of § 1782. See Intel, 542 U.S. at 256.

_____

[1] One of Marano's proposed subpoenas is addressed to Diana Bowes ("Diana"), 100 Imperial Avenue, Westpoint, Connecticut, 06880. Because Connecticut is not located in the Northern District of California, the Court lacks jurisdiction over Diana. Diana is not listed, however, as a proposed subpoena recipient in the body of Marano's application. Accordingly, it appears that Marano attached this proposed subpoena to his application in error. The Court will disregard the subpoena addressed to Diana.

Third, Blakemore has declared that the foreign proceeding is scheduled for trial beginning on March 9, 2009.  Although Marano's application does not append any formal documentation verifying the existence of the divorce proceeding, the information contained in Blakemore's declaration appears to satisfy the <u>Intel</u> requirement that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation."  <u>Id.</u> at 259.

Last, the instant <u>ex parte</u> application is an accepted method of requesting discovery under § 1782.  <u>In re Letters Rogatory</u>, 539 F.2d at 1219.

**B.    Exercise of the Court's Discretion**

Marano has failed, however, to persuade the Court to exercise its discretion to authorize the requested discovery.  In particular, the third and fourth <u>Intel</u> factors weigh heavily against granting Marano's application.

**1.    Imposition of an Undue Burden**

First, Marano has not demonstrated that the burdensome discovery request contained in Exhibit A is relevant to the British divorce proceeding, or that the request is sufficiently narrowly tailored to minimize any imposition on the proposed subpoena recipients.  Even assuming that the divorce proceeding exists -- which Blakemore's declaration does not conclusively establish -- Marano has made no showing regarding what a "cross-application for financial relief" is, or why all forty-seven items listed in

6

Exhibit A are necessary to succeed on his cross-application. Rather, Marano leaves it to the Court to speculate as to what legal effect the requested documents will have in a divorce proceeding conducted pursuant to British law.

In addition, the document requests contained in Exhibit A are overly broad and unduly burdensome. Exhibit A demands forty-seven different sets of documents related to five different trust funds. In addition to the production of documents, Marano also requests that the subpoena recipients perform calculations regarding the current market value of the assets of the trust funds. Marano has made no showing, however, as to who the proposed recipients are; why he believes they possess the desired information; or why it is necessary to issue seven identical subpoenas containing such extensive document production requests.

Marano's proposed time line is also unduly burdensome. Bowes has indicated that some of the proposed subpoena recipients are attorneys, some are financial advisors, and some are private individuals. Even assuming that the attorneys and financial advisors who have rendered professional services in connection with the trust funds possess sufficient knowledge and resources to comply with Marano's demands, it is not clear that any subpoena recipient could reasonably be expected to comply with the extensive demands contained in Exhibit A in the short period of time proposed by Marano. The Court also notes that Marano filed his cross-

application for financial relief against Elena in the "last quarter
of 2008," yet he did not seek relief from this Court until February
12, 2009, less than one month before his trial date.  These
circumstances strongly suggest that discovery pursuant to § 1782 is
not justified in this case.

### 2.   Foreign Discovery Procedures

Second, although Marano makes the conclusory statement that
"there is no basis to conclude that [he] seeks to circumvent
British law or that the requested discovery is contrary to the
wishes of the British Court," Marano has made no such showing.
Marano seeks information regarding Elena's financial resources, yet
he moves this Court to authorize the imposition of a significant
burden on seven different third parties.  Absent any evidence that
Elena herself does not possess the desired information, or that any
discovery process provided for by the British court system is
inadequate to yield the desired information, this Court finds no
basis to authorize the issuance of the requested subpoenas.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES the
application.

IT IS SO ORDERED.

Dated: February 25, 2009

D. Lowell Jensen
United States District Judge